## Case No. 11,286.

### PORTER v. AETNA INS. CO.

[2 Flip. 100;[1] 6 Ins. Law J. 928.]

Circuit Court, W. D. Michigan. Nov. 7, 1877.

INSURANCE — INTEREST OF ASSURED IN PROPERTY COVERED BY THE POLICY.

Insurance was in the name of P., describing the property as "his." Policy provided that "if the interest or property insured be leasehold, or that of mortgage, or any other interest not absolute," it must be made known and expressed in the policy. The property was purchased under a mechanic's lien sale by V., who placed it in the name of P., and procured the insurance as the agent of P. V. subsequently procured another title through a sheriff's deed under an execution sale. The mechanic's lien proceedings were void through want of jurisdiction. The court decided that P. had neither a legal nor equitable ownership to the extent represented in the policy and could not recover.

Insurance was effected in July, September and October, 1874, on the Vaughn house at East Rapids, Michigan. The policy was tak-

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

en in the name of Benjamin Porter, the property being described as "his three-story brick hotel," etc. This hotel was built by an incorporated company, Morgan Vaughn being president thereof. In May, 1874, the hotel was, under mechanic's lien proceedings, sold. Vaughn bought this title and placed it in Porter's name. Vaughn afterwards acquired a title under an execution sale of the property. As president of the company he confessed the cause of action. Was agent of four insurance companies, and placed, as agent, some of the insurance himself, though he was not agent of the defendant. Fire occurred in the building in October, 1874. It was not occupied as a hotel at the time.

I. M. Crane, M. V. Montgomery, and Hughes, O'Brien & Smiley, for plaintiff.

Norris & Uhl, for defendant.

WITHEY, District Judge. Some questions have been discussed which I shall not now dispose of, or review the positions taken by counsel in reference to them. There are two questions beyond the one disposed of yesterday, which I deem material, to which I shall allude. The policy, in paragraph number six, under "Conditions of Insurance," uses this language: "If the interest of property insured be leasehold, or that of mortgage, or any other interest not absolute, such must be made known to this company, and expressed in the policy." The risk is written, "on his three-story brick hotel building."

Now I understand the conceded facts are, that at time of writing the insurance the insured did not make known that his interest was other than absolute. If, then, his interest was not an absolute one in the property, the plaintiff cannot recover.

We have had discussion this morning upon this topic: What was the interest and title of the plaintiff Porter? Under the view which we took yesterday, that the mechanic's lien proceeding was absolutely void, because the court obtained no jurisdiction, and, as Porter claimed, under nothing but that lien proceeding, he had a mere possession at best. It may be questionable whether it can properly be said that he had even possession, in view of the testimony of Mr. Vaughn, and Vaughn's previous relations to the property.

Vaughn, as president of the company that built the hotel, had been managing the property for it, and while thus acting, of his own motion he makes what he calls a purchase under the lien proceeding in the name of Porter, constituting himself the agent of Porter for the purchase, advancing the purchase money, and then making himself the agent of Porter to take possession of the property.

But assuming that Porter had a mere naked possession, and that that was his title and interest, the question occurs whether it was an absolute interest. This naked possession is the lowest degree of title, and arises where one disseizes another. In this instance

it would seem to be the view to take, that it was a disseizin by intrusion.

If Porter obtained no right under the lien proceeding, then his possession was a usurpation and intrusion—an exercise of the powers and privileges of ownership against the rightful owner, whoever that might be, or the rightful possessor. There can be, however, no disseizin without entry and an actual dispossession of the rightful party. But, as we say, assuming that Porter had a mere possession, so far as possession is an interest insurable, it was an absolute interest, because it was not conditional or dependent upon condition.

An absolute estate is one that is free from all manner of condition or incumbrance. Now we suppose a party in actual possession, and having no other title than mere naked possession, may be said, so far as his right goes, to have an absolute interest.

The terms of the policy, as we have said, are, "if the interest or property insured be not absolute." We should, therefore, be disposed to say, that whatever interest or whatever property he had, was not conditional but absolute. We do not mean that he had an absolute property in the building, for that implies the exclusive right and possession.

But when we turn to the other question, whether there was an insurable interest, we find it is a principle in insurance that the underwriter is entitled to know in whom the interest insured is; for he is entitled to know how far the person insured is interested in guarding the property from loss.

If in law and in fact Porter had no interest other than mere naked possession, and the real interest was in another, had he the interest in the property that was insured? The interest insured was the hotel property. It was not a special or partial interest. There is a distinction between having an interest and having the property.

A man may have an interest because he may have a mere right less than the entire property. But if he has the property, he has the entire property interest and not a partial interest in the property; he has ownership. A lien would give an interest, but it would not necessarily carry the right to the property, as would ownership.

The interest insured, then, was the property, and was it Porter's property? Was the hotel owned by him? Not unless naked possession with property in another makes ownership. The company insured "his three-story brick hotel building," in the language of the policy. Was it his hotel building when his greatest interest was a mere possession, without right of possession, and without right of property?

The company was not informed that Porter was not the owner of the property. So far as the case at present appears, they were not informed that his interest was not the entire property; they were not informed in whom the interest insured was. What did the company insure? They insured the hotel property.

Now, if the company were not informed in whom the interest insured was, and if it was not in Porter, can the policy be sustained, or this suit be sustained upon the policy by Porter? If the company insured to Porter the entire interest in this hotel property, it insured to him an interest which he did not own in the present condition of the case.

The nature of Porter's interest should have been communicated to the company; if it was not, the contract of indemnity should not be held valid. And while it may be true that naked possession, so far as it gives an interest, is an absolute interest, still we are of opinion that Porter did not own the property or interest which was insured, according to the testimony of this case. He had, at best, a nominal interest.

If a party who has a mere possession is answerable over to the party who is entitled to the rightful possession of the property, in case the building upon the property should be destroyed by fire, then it might be said that the party who has the mere possession has an insurable interest to the extent of the value of the property; but such is not the law.

Porter, if he was a mere trespasser or disseizor of that property, and it should burn while it was in his possession, unless it was by his fault or negligence or by some act of his, would not be responsible for the value of the building, and therefore could not be said to have an insurable interest to the extent of the value of the property.

His insurable interest, then, was merely the nominal possessory interest, which was liable to be defeated at any moment. The insurance is but a contract of indemnity; the indemnity can go no further than the interest of the party who is indemnified, and if that interest is partial and not entire, the indemnity does not cover a value incident to ownership.

We think as the case stands there was neither legal nor equitable ownership in Porter of this hotel property, to the extent which he was represented to have, or to the extent which is insured, to-wit: "His three-story brick hotel building." He was not the owner of the entire property, or of any part or interest in it, save a mere naked possession, and that was not such an interest as was insured. If there is no different phase to this case to be shown by further evidence, we hold that the plaintiff cannot recover.

[Subsequently the defendant's counsel announced to the court that there was no different phase to the case to be shown by further evidence, and that they did not see how they could better the situation of the matter. Whereupon the court instructed the jury that their verdict should be, "No cause of action," and their verdict was taken accordingly. Plaintiff thereupon submitted to a non-suit in the four remaining cases against

the Franklin of Phila., Ins. Co. of North Amer. of Phila., Hartford, Conn., and North British & Mercantile.] [2]